38 F.3d 1219
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Frank Everett VOTH, Plaintiff-Appellant,
v.
Steven B. HERRELL; Keith Meisenheimer, Defendants-Appellees.
 No. 93-35870.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1994.*
Decided Oct. 21, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank Voth, an Oregon state prisoner, appeals pro se the district court's dismissal of his complaint with prejudice as frivolous under 28 U.S.C. 1915(d). The district court construed Voth's complaint as a civil rights action, under 42 U.S.C. Sec. 1983. We have jurisdiction under 42 U.S.C. Sec. 1291. We review for an abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and affirm.
 
 
 3
 Section 1915(d) authorizes federal courts to dismiss a claim filed in forma pauperis if the allegation of poverty is untrue or if satisfied that the action is frivolous or malicious. A complaint is frivolous where it lacks an arguable basis in either law or fact. Denton, 112 S.Ct. at 1733; Neitzke v. Williams, 490 U.S. 319, 325 (1989). A finding of legal frivolousness is appropriate when none of the legal points are arguable on the merits. Neitzke, 490 U.S. at 325.
 
 
 4
 Voth contends that the trial court judge and the assistant district attorney conspired to deprive him of his right to equal protection during the course of his state criminal trial for kidnapping and rape. Voth sought monetary damages and the imprisonment of the defendants.
 
 
 5
 The district court correctly dismissed the complaint as frivolous because the defendants are absolutely immune from suit for civil rights damages. See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) (judges absolutely immune from liability for damages caused by judicial acts performed in judicial capacity); Imbler v. Pachtman, 424 U.S. 409, 431 (1976) (prosecutors absolutely immune from liability for damages caused by conduct within their scope of authority and intimately associated with the judicial phase of the criminal process). The Sec. 1915(d) dismissal of this claim was not error because there is no arguable basis in law. See Denton, 112 S.Ct. at 1733.
 
 
 6
 Further, Voth's claims are subject to dismissal because a judgment in his favor would imply the invalidity of his conviction. See Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). In order to recover damages for an allegedly unconstitutional conviction or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction has been invalidated in order to state a cognizable Sec. 1983 claim. Id. A Sec. 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated. Id. at 2373.
 
 
 7
 Voth is seeking to recover damages for conduct which if proven true, would invalidate his conviction. Voth's conviction has not been invalidated. In fact, we previously affirmed Voth's criminal conviction in his appeal from the district court's denial of habeas relief. See Voth v. Mass, No. 94-35106, unpublished memorandum disposition) (9th Cir. Aug. 23, 1994). Voth cannot state a cognizable Sec. 1983 claim based on the defendants' conduct.[1] The district court properly dismissed Voth's action. See Heck, 114 S.Ct. at 2372.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that Voth's request for the imprisonment of defendants may be construed liberally as a request for equitable relief, the district court properly denied the claim because Voth has an adequate remedy at law. See Pulliam v. Allen, 466 U.S. 522, 537, 542 & n. 22 (1984)